IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO B. MARTIN, JR.,              )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )         CASE NO. 3:24-CV-87-RAH-CSC
                                    )
LEE COUNTY DETENTION CENTER,        )
                                    )
        Defendant.                  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, brings this Complaint under 42 U.S.C. § 1983. After reviewing the Complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On March 28, 2024, the undersigned entered an Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 8. Plaintiff was specifically cautioned that his failure to comply with the directives of the March 28, 2024, Order would result in a Recommendation this case be dismissed. Doc. 8 at 3. Plaintiff has not filed an amended complaint or otherwise complied with the Order of March 28, 2024, and the time for doing so has expired.

Because of Plaintiff's failure to comply with the Court's Orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of

courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

Further, it is ORDERED that by **May 15, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 2nd day of May 2024.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE